# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKEY A. WEICKSEL, | Civil Action No. 3: 16-cv-0252 |
| Plaintiff, | |
| | United States District Judge |
| v. | Kim R. Gibson |
| | |
| CASE MGR PATRICK GRIFFITHS, et al., | United States Magistrate Judge |
| | Cynthia Reed Eddy |
| Defendants. | |

## MEMORANDUM OPINION

On or about November 16, 2016, Plaintiff submitted in the United States District Court for the Eastern District of Pennsylvania a civil rights complaint accompanied by a motion to proceed *in forma pauperis*. On November 30, 2016, the case was transferred to this District from Eastern District of Pennsylvania. The undersigned was assigned the case and the case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Defendants filed a motion to dismiss or in the alternative motion for summary judgment arguing that the case should be dismissed as Plaintiff had failed to exhaust his administrative remedies. Because Defendants presented material outside of the Complaint, the magistrate judge converted the motion to dismiss into a motion for summary judgment only on the issue of exhaustion, and allowed the parties time to submit additional briefing and evidence.

On July 21, 2017, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 36) recommending that Defendants' motion to dismiss, which had been converted into a motion for summary judgment on the issue of exhaustion, be granted on the ground that Plaintiff had not

1

properly exhausted his administrative remedies pursuant to the Prison Litigation Reform Act. Plaintiff was served with the Report and Recommendation at his listed address and was advised that he had until August 10, 2017, to file written objections to the Report and Recommendation. In response, Plaintiff filed a "Motion for Abbeyance" (ECF No. 37) in which he asks the Court to stay the case for a period of 12 to 18 months. According to Plaintiff, he is currently scheduled to be released to a halfway house on 12/6/2017 and from BOP custody on 6/1/2018, at which time he will be in a better position to object to the Report and Recommendation, and will be able to have "lawyers, investigators, agencies, etc. that can / will assist him in this matter." (ECF No. 37 at 1.) This request will be denied. The Court has no way of knowing if, and when, Plaintiff will be released from BOP custody. Whether Plaintiff is in custody, or is released, offers no reasoned basis for holding this case in abeyance.

Turning to the merits of Plaintiff's objections, attached to the motion, are four (4) pages which appear to be objections to the report and recommendation, as well as an Affidavit from Henry Antoine Saunders, dated June 24, 2017, who was confined with Plaintiff in the SHU at FCI Loretto from December 1, 2015 to August 26, 2016, and describes incidents he heard that allegedly occurred between Case Manager Mr. Griffiths and Plaintiff. (ECF No. 37-2).

The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge. As the report stated, it is the law in this circuit that all available administrative remedies must be exhausted prior to filing suit. *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006). Under the BOP's regulations, no administrative appeal is considered to have been fully exhausted until a decision is reached on the merits by the BOP's general counsel. *Davis v. Miner*, No. 1:CV-06-1763, 2007 WL 1237924, at *7 (M.D. Pa. Apr. 26, 2007) (citing 28 C.F.R. §§ 532.13 - 542.15).

Although Plaintiff describes the four misconducts at issue in this lawsuit as "BOGUS Incident Reports written against Weicksel by Griffiths," the fact remains that because a decision was not reached on the merits by the BOP's general counsel, Plaintiff's administrative appeals were not fully exhausted. Plaintiff's objections as to Incident Report Nos. 2771804, 2784364 and 2810014 can be summarily denied as Plaintiff merely repeats the same arguments that he made in his response to the summary judgment motion. The summary judgment evidence of record is clear that there was no decision by the BOP's general counsel on these three reports.

Plaintiff also argues that he exhausted the second incident report, No. 2774817, because it was dismissed on January 25, 2016. However, as the report states, the summary judgment evidence of record reflects that No. 2774817 was partially granted by the regional office and subsequently expunged by the institution on January 24, 2016. The record also reflects that on January 29, 2016, after the expungement, Plaintiff submitted multiple requests to the regional office all concerning No. 2774817. He was advised by the regional office that the incident report had been expunged and that any complaints he continued to have concerning staff or procedures must be submitted at the institutional level. The summary judgment evidence of record reflects that Plaintiff took no further action after being advised that he needed to submit his grievance to the institution. Therefore, any requests concerning No. 2774817 made on or after January 29, 2016, were not fully exhausted.

In conclusion, after *de novo* review of the pleadings and documents in the case, together with the report and recommendation, and the objections thereto, the report and recommendation

(ECF No. 36) will be adopted as the opinion of the court, as supplemented herein. An appropriate order will be entered.

BY THE COURT:

Kim R. Gibson
United States District Judge

Dated: September 5, 2017

cc: MICKEY A. WEICKSEL
56638-066
LSCI ALLENWOOD
PO BOX 1000
WHITE DEER, PA 17887
(via U.S. First Class Mail)

Michael C. Colville
United States Attorney's Office
(via CM/ECF electronic notification)